UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 09-555(JAG) |
| V. : | |
| BARRY E. GOLDMAN, : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| *dba* TORTURE PORTAL, MASTERS OF PAIN, and BACCHUS STUDIOS : | |
| : | Judge Cavanaugh |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. I understand in order for me to be found guilty of the charge set forth in the indictment, the government must prove each of the following *elements* of 18 U.S.C. § 1461 Mailing Obscene Matter:

   A. I did knowingly use or cause to be used the United States mail for the mailing, carriage in the mails and delivery of non-mailable obscene matter;

   B. I knew at the time of the mailing that the materials were of a sexually oriented nature.

2. I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 1461 is a term of imprisonment of up to five years, a fine of $250,000, and a term of supervised release of up to three years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction,

pursuant to 18 U.S.C. § 3013. Furthermore, restitution to any victims of my offense may be ordered pursuant to 18 U.S.C. § 3663.

> I have also subjected real and personal property to forfeiture, namely, all copies within my custody and control of Torture of a Porn Store Girl, Defiant Crista Submits and Pregnant and Willing and will not contribute to the operation of the websites www.tortureportal.com and www.mastersofpain.com.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney.

4. I know that I can be represented by an attorney at every stage of the procceding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> (g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> (h) It requires a unanimous verdict of a jury to convict me.

(I) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

> During 2006 and 2007, in the District of New Jersey, I mailed DVD movies, which I performed in, to various locations in the United States. Specifically, on or about July 29, 2006, I mailed a copy of "Torture of a Porn Store Girl" from Hudson County, New Jersey, to a location in Northern Virginia. This movie was produced under the company name Torture Portal Productions and Masters of Pain. I used the surname "SirB" in the dialogue of this movie, as I did in all of the movies charged in the indictment. I also assisted in the operation of the websites www.tortureportal.com and www.mastersofpain.com. I received an order for "Torture of a Porn Store Girl" via email from Angela Henry and in response I mailed a DVD copy of the film on or about July 29, 2006 from Hudson County, New Jersey, to a location in Northern Virginia. "Torture of a Porn Store Girl" is a sexually explicit film featuring depictions of extreme bondage and sadomasochistic activity. I knew this when I made the film, when I offered it for sale, and when I shipped it in interstate commerce to Northern Virginia via the United States mail on or about July 29, 2006. I admit and stipulate that this movie is obscene within the meaning of 18 U.S.C. § 1461. I further specifically admit and stipulate that "Torture of a Porn Store Girl" appeals to a prurient interest in sex and is patently offensive under the community standards prevailing in the District of New Jersey at the time the film was shipped to Northern Virginia and that a reasonable person would find that the film lacks serious artistic, literary, scientific, or political value. "Torture of a Porn Store Girl" featured depictions of extreme bondage and sadomasochistic activity. I agree that the following description summarizes the content of the movie:

The feature movie is approximately 82 minutes in length and depicts sexually explicit, sadomasochistic conduct. The defendant appears in the movie as the person committing the sadomasochistic acts against a woman identified as "Bella". The defendant does such things as binding "Bella's" hands and feet with rope, rubbing a knife between her breasts, blindfolding her and wrapping plastic wrap around her head, placing surgical clamps on her labia, delivering electrical shocks to her body, applying mousetraps to her breasts, whipping her, and digitally penetrating her.

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

   A. The defendant agrees:

   (1) To plead guilty to Count I of the Indictment;

   (2) I agree to forfeit all interests in any asset that is related to my offense of conviction that I currently own or over which I exercise control, directly or indirectly, including any property I have transferred, and any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including the following specific property: *all copies in my possession or control of "Torture of a Porn Store Girl", "Defiant Crista Submits", "Pregnant and Willing", and I will no longer contribute to the operation of the websites www.tortureportal.com, and www.mastersofpain.com.*

   (2)(b) I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time this guilty plea is accepted.

   (2)(c) Further, if the Court imposes the sentence to which the parties have agreed, as set forth in paragraph 12(4), I further agree to waive all constitutional and statutory challenges in any manner, including but not limited to an appeal under 18 U.S.C. § 3742 or a habeas corpus motion under 28 U.S.C.

§2255, and including but not limited to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to the forfeiture.

(3) I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the guidelines, must consult those guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553 (a). I also agree that the Sentencing Guidelines will be calculated as follows:

| | |
|---|---|
| Base offense | 10 |
| Distribution for pecuniary gain | 5 |
| Use of a computer or interactive computer service | 2 |
| Portrayal of sadistic or masochistic conduct | 4 |
| Total | 21 |
| Minus 3 points for accepting responsibility = | 18 |

Criminal History = I, so guideline range of 27 to 33 months incarceration.

(4) I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553 (a), and the sentence to which the parties have agreed, is as follows: that I be placed on three years probation with the following special conditions in addition to any standard conditions imposed by the court: (1) That I serve a six month period of home confinement (2) that I surrender all copies within my possession or control of "Torture of a Porn Store Girl", "Defiant Crista Submits" and "Pregnant and Willing" as well no longer contribute to the operation of the websites www.tortureportal.com and www.mastersofpain.com.

(5) I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that I or the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out in this Agreement. I agree that if the Court does not accept the agreed upon sentence as set forth in this Agreement, the statute of limitations shall be tolled from the date I signed the plea

agreement until the date the Court advises the parties of its refusal to accept the plea agreement.

(6) I agree that, regardless of any other provision in this Agreement, the government may and will provide to the Court and Probation Office all information relevant to the charged offenses or the sentencing decision. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I received as a result of my crime, and release funds and property under my control in order to pay any fine, forfeiture or restitution. I agree to pay the special assessment as directed by the court.

(7) I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release, not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government, and not to fail to comply with any other promises made in this Agreement. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, but I will not be released from my guilty plea.

(8) I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

(9) I agree that this agreement binds the United States Department of Justice Obscenity Task Force only, and does not bind any other federal, state or local agency.

B. The United States agrees:

(1) The government will move to dismiss Counts II-VIII at time of sentencing.

(1)(a) To recommend that the defendant's offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, the defendant clearly demonstrates acceptance of responsibility for his offense, up to and including at the time of sentencing, as set forth in §

        3E1.1 of the Sentencing Guidelines; and

(1)(b)    To move for an additional one-level reduction in the defendant's offense level, in accordance with Sentencing Guideline § 3E1.1(b), if the defendant qualifies for a two-level reduction under § Section 3E1.1(a) and the defendant's offense level is 16 or greater prior to receiving the two-level reduction;

(2)    To not file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned indictment or as a result of the possession, sale, distribution or content of any of the items surrendered by the defendant pursuant to paragraph five of this plea agreement.

(3)    That the reasonable and appropriate sentence in this case should be as set forth in paragraph four above, unless the defendant violates the Agreement as set forth in paragraphs five, six and seven above or fails to accept responsibility.

             \*      \*      \*      \*

I make the following representations to the Court:

1. I am _60_ years of age. My education consists of _1 yr college_. I ___ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances

of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this ___ day of _Dec_, 2010

_____
Barry E. Goldman
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _12th_ day of _December 2010_

_____
Attorney for Defendant

-8-

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no off-the-record agreements between the defendant and the United States.

DATED this 19th day of November, 2010

BRENT D. WARD
Director, Obscenity Prosecution Task Force
Department of Justice

By: *[signature]*
Bonnie Hannan

Trial Attorney
Obscenity Prosecution Task Force
Department of Justice